## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

TASHINA TAYLOR, individually and on behalf of a class of all persons and entities similarly situated,

             Plaintiff

vs.

AAA SERVICE PLUMBING LLC,

             Defendant.

Case No. 1:26-cv-2474

CLASS ACTION COMPLAINT
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

### Preliminary Statement

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the National Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

Complaint                                        1

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Moreover, as the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

4.      Tashina Taylor ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that AAA Service Plumbing LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the

Complaint                                    2

National Do Not Call Registry without their written consent, including to those who had asked them to stop and with highly-illegal prerecorded messages.

## Parties

5.    Plaintiff has a 530- telephone number and is a resident of the State of Colorado.

6.    Defendant is a Colorado limited liability company with offices in Fort Collins and Golden, located within this District.

## Jurisdiction & Venue

7.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.    The Court has personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(1) because both Plaintiff and Defendant reside in this District and therefore, all of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent and received in this District.

## The Telephone Consumer Protection Act

9.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

Complaint                                          3

11.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Robocalls Outlawed:

13.    The TCPA also makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold robocallers accountable on behalf of their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

14.    In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in

Complaint                                        4

an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

15.     The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

16.     The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted) (internal quotation marks omitted).

### Factual Allegations

17.     Plaintiff Taylor is, and at all times mentioned herein was, a natural person.

18.     Plaintiff's telephone number, (530) XXX-XXXX, is a non-commercial cellular telephone number.

19.     Plaintiff uses the telephone number for personal, residential, and household purposes.

Complaint                                         5

20.     The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

21.     Plaintiff's number has been registered with the National Do Not Call Registry since over a year prior to the calls at issue.

22.     Although Plaintiff had previously hired Defendant, Plaintiff did not knowingly provide her express consent to receive calls, let alone written consent to receive prerecorded robocalls, from Defendant and expressly requested them to stop, revoked any purported consent, and the calls continued.

23.     Specifically, Plaintiff received the following calls, to which she received confirmation of her request that the calls cease:



24.    The aforementioned calls were sent from 833-923-3331 and 615-552-0912.

25.    Despite receiving an acknowledged "Stop," Plaintiff received the following additional call on April 15, 2026:



26.    Despite this fact, the Plaintiff received several telephone voice calls, including prerecorded calls from Defendant on at least January 17, 2026, February 21, 2026 (two calls), March 25, 2026, and May 14, 2026. These calls all came from the telephone number 303-313-3333.

27.    Prerecorded voice messages were left on the calls on January 17 and February 21. The other calls were missed.

28.    The prerecorded voice message left on January 17 stated:

Hi, this is Glenn calling from AAA Heating, Plumbing and Electrical Services. I'm reaching out to you today because you've spoken with us before, and as our thanks, we'd like to offer you a $39 furnace tune-up. That's normally a $117 value, and it's a quick way to make sure that your furnace runs safely and efficiently for you all throughout the winter. We've got a couple of slots opening up this week, and I wanted to offer you first pick. Would Sunday or Monday work better for your schedule? Now, this is a limited time offer, though, so the slots are filling up pretty fast. Please call us back as soon as you can at 303-313-3333, and we'll get you all taken care of. Again, that number, 303-313-3333. Thank you very much for your time. We look forward to speaking with you, and we hope you have a great rest of your day. Goodbye.

29.    The prerecorded voicemail left by Defendant on February 21 began playing as soon as the voicemail answered and was cut off at the beginning of the prerecorded message, prior to the "beep" and when the recording started, and stated the following:

. . . area this week. And if you give us a call back with the day and time that works best for you, we can definitely get you on there and get that scheduled. As spots are limited, our phone number is 303-313-3333, and we can get that scheduled for you. Thank you so much, and you have a wonderful day. Bye.

30.    The latter call was obviously prerecorded because it would be illogical to call a telephone number and then start speaking and to begin leaving a message while still listening to a voicemail greeting.

31.    The prerecorded calls, like the text message calls, were all Defendant's attempts to advertise its home services, including heating tune up and appointment services.

32.    Plaintiff knows both calls were placed using and beginning with prerecorded voices because Plaintiff listened to the recordings and both such voices on the recordings sounded scripted and recorded in advance.

Complaint                                         8

33. Additionally, as mentioned above, part of the second message that was left played before the beep, as outlined above.

34. Under the TCPA, as confirmed by both this Court and the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

35. The text message calls and voice calls all promoted Defendant's home services.

36. The text message calls and voice calls were sent for the purpose of encouraging the purchase of Defendant's home services.

37. The calls were made at least thirty-one days after Plaintiff's number was registered with the National Do Not Call Registry.

38. Although Plaintiff has used Defendant's services in the past, Plaintiff never knowingly consented to receive calls and messages from Defendant and explicitly revoked any alleged consent, as more fully outlined herein.

39. In fact, the Plaintiff not only sent two "stop" calls, but those calls were acknowledged, including a confirmation that the Plaintiff would "no longer receive messages *from this business*," but the calls continued, including highly-illegal prerecorded calls.

40. The calls were unwanted.

41. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

42. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

43. Plaintiff found the messages frustrating, annoying, and intrusive.

Complaint                                             9

44.     The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of her cellular telephone.

45.     Defendant benefitted from the messages by promoting sales, advertising products, and driving consumer engagement.

46.     Plaintiff was harmed by Defendant's conduct because the repeated, unwanted call and text messages were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied her cellular telephone's storage and bandwidth, disrupted her daily activities, and interfered with the use and enjoyment of her cellular telephone.

### Class Action Statement

47.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

48.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

49.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or

services, (3) who had previously asked for the calls to stop and (4) within the four years prior to the filing of the Complaint.

50.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

51.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53.     This Class Action Complaint seeks injunctive relief and money damages.

54.     The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

55.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

56.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

57.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

58.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

Complaint                                                11

59.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.     Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.     Whether Defendant made calls to Plaintiff and members of the Robocall Class;

c.     Whether Defendant made calls to Plaintiff and members of the Internal Do Not Call Class;

d.     Whether Defendant's conduct constitutes a violation of the TCPA; and

e.     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

60.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

61.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

62.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

63.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

Complaint                                    12

64.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

65.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

66.    The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

67.    Defendant's violations were negligent, willful, or knowing.

68.    As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

69.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

Complaint                                13

**SECOND CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of  Plaintiff and the Robocall Class**

70.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71.     The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

72.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.     The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

74.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

75.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

76.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

77.     Defendant's violations were negligent, willful, or knowing.

78.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, to a number which had previously asked to stop, or using a prerecorded voice in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.     Attorneys' fees and costs, as permitted by law; and

Complaint                                                          15

E.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all triable issues.

Plaintiff,
By Counsel,

RESPECTFULLY SUBMITTED AND DATED this June 4, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

Complaint                                    16