IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Tashina Taylor, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AAA Service Plumbing LLC,<br><br>Defendant. | Case No. 26-cv-2474<br><br>**ANSWER TO CLASS ACTION COMPLAINT** |

For its Answer to the Complaint ("Complaint"), Defendant AAA Service Plumbing LLC ("AAA" or "Defendant") by and through its undersigned counsel of record hereby answers and asserts its affirmative defenses in response to the Complaint.

**FIRST DEFENSE**

Except as expressly admitted below, Defendant generally denies the allegations contained in the Complaint (including without limitation the allegations contained in the preamble or headings or subheadings of the Complaint) and specifically denies any liability to Plaintiff. Defendant expressly reserves the right to seek to amend or supplement this Answer as may be necessary.

**ANSWER TO "PRELIMINARY STATEMENT"**

1. Defendant states Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has accurately quoted an excerpt of the TCPA and denies the remaining allegations.

2.      Defendant states Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has accurately quoted an excerpt of the TCPA and denies the remaining allegations.

3.      Defendant states Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has accurately quoted an excerpt of the TCPA and denies the remaining allegations.

4.      In response to Paragraph 4, Defendant admits that Tashina Taylor ("Plaintiff") filed the above-captioned action against AAA, that the action alleges TCPA violations, and denies all other allegations not specifically admitted herein.

## ANSWER TO "PARTIES"

5.      Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 5 and accordingly denies the same.

6.      Defendant admits the allegations in Paragraph 6.

## ANSWER TO "JURISDICTION & VENUE"

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over federal questions under 28 U.S.C. § 1331 and that the TCPA is a federal statute.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is a resident of the State of Colorado, but denies all other allegations not specifically admitted herein.

**ANSWER TO "THE TELEPHONE CONSUMER PROTECTION ACT"**

9.     Defendant states that Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has accurately quoted an excerpt of the TCPA and denies the remaining allegations.

10.     Defendant states that Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Defendant states that Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     Defendant states that Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.     Defendant states that Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.     Defendant states that Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     Defendant states that Paragraph 15 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16.     Defendant states that Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

## ANSWER TO FACTUAL ALLEGATIONS

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 18 and accordingly denies the same.

19.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 19 and accordingly denies the same.

20.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 20 and accordingly denies the same.

21.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 21 and accordingly denies the same.

22.     Defendant admits only that Plaintiff previously hired Defendant and denies the remaining allegations in Paragraph 22.

23.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 23 and accordingly denies the same.

24.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 24 and accordingly denies the same.

25.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 25 and accordingly denies the same.

26.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 26 and accordingly denies the same.

27.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 27 and accordingly denies the same.

28.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 28 and accordingly denies the same.

29.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 29 and accordingly denies the same.

30.    Defendant states that Paragraph 30 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.    Defendant states that Paragraph 31 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32.    Defendant states that Paragraph 32 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 33 and accordingly denies the same.

34.    Defendant denies the allegations in Paragraph 34.

35.     Defendant states that Paragraph 35 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     Defendant states that Paragraph 36 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 37 and accordingly denies the same.

38.     Defendant admits only that Plaintiff hired Defendant to perform services in the past, and denies all remaining allegations not specifically admitted herein.

39.      Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 39 and accordingly denies the same.

40.     Defendant states that Paragraph 40 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant states that Paragraph 43 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant states that Paragraph 45 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

## ANSWER TO "CLASS ACTION STATEMENT"

47.     Defendant repeats its prior answers from Paragraphs 1-46 and incorporates them herein by reference.

48.     Defendant states that Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49.     Defendant states that Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 50 and accordingly denies the same.

51.     Defendant states that Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant admits the allegations in Paragraph 53.

54.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 54 and accordingly denies the same.

55.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 55 and accordingly denies the same.

56.    Defendant states that Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57.    Defendant states that Paragraph 57 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.    Defendant states that Paragraph 58 states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59.    Defendant states that Paragraph 59, subparts a-e, states an opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 60 and accordingly denies the same.

61.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 61 and accordingly denies the same.

62.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 62 and accordingly denies the same.

63.    Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 63 and accordingly denies the same.

64.     Defendant lacks sufficient knowledge to determine the truth or falsity of the allegations in Paragraph 64 and accordingly denies the same.

## ANSWER TO "FIRST CAUSE OF ACTION"

65.     Defendant repeats its prior answers from Paragraphs 1-64 and incorporates them herein by reference.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant states that Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

## ANSWER TO "SECOND CAUSE OF ACTION"

70.     Defendant repeats its prior answers from Paragraphs 1-69 and incorporates them herein by reference.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 74.

74.     Defendant states that Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

## ANSWER TO "THIRD CAUSE OF ACTION"

75.    Defendant repeats its prior answers from Paragraphs 1-75 and incorporates them herein by reference.

76.    Defendant denies the allegations in Paragraph 76.

77.    Defendant denies the allegations in Paragraph 77.

78.    Defendant states that Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred because Plaintiff has not sustained any actual injury as a result of the purported violation of the TCPA.  Plaintiff must sustain an injury in fact specific to each individual call for which Plaintiff claims a violation.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by Plaintiff's consent and the doctrine of assumption of risk.  Any and all telephone calls or text messages sent by Defendant to Plaintiff were sent with Plaintiff's consent, express and implied, as owner/subscriber or the regular user of the subject phone number and/or other parties, persons, and entities, and Defendant is therefore free from actionable fault.

10

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because SMS or text messages are not "calls" as defined in the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because Defendant did not use an automated dialing system. Defendant did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for actual damages, if any, are barred in whole or in part as a result of her failure to mitigate her alleged damages, if any, and any recovery should be reduced in proportion to Plaintiff's failure to mitigate such damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing to assert the claims she has alleged against Defendant.  Plaintiff has failed to allege and cannot prove that she suffered a concrete and particularized injury in fact as a result of each call upon which she seeks a recovery under the TCPA.  *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).  Further, Defendant believes that the members of the putative class Plaintiff purports to represent lack Article III standing to assert claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA, which Defendant denies, Defendant's actions

11

were neither knowing nor willful nor Defendant engage in conduct sufficient to impose enhanced statutory penalties against it. Rather, Defendant acted in good faith at all times and with the honest belief that its actions and processes were compliant with the TCPA.

## NINTH AFFIRMATIVE DEFENSE

To the extent there was any violation of the TCPA, which Defendant denies, Defendant's actions were not knowing or willful. Defendant's violations, if any, were unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

## TENTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the due process and excessive fines provisions of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

AAA preserves and asserts all affirmative defenses available to it under any applicable law. Defendant presently is without sufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Therefore, Defendant reserves the right to supplement this Answer and to assert additional defenses in the event discovery or other means indicate that the same would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, and having asserted affirmative defenses, AAA prays for relief as follows: (1) that all claims and allegations asserted in the Complaint against AAA be dismissed with prejudice; and (2) that AAA be awarded all such other and further relief as the Court deems just and equitable.

12

Dated:  August 3, 2026              DORSEY & WHITNEY LLP


By:  */s/ Gregory Tamkin*
   Gregory S. Tamkin (CO# 27105)
DORSEY & WHITNEY LLP
1400 Wewatta St., Suite 400
Denver, CO 80202
Tamkin.greg@dorsey.com
Tel: (303) 629-3438

Theresa M. Bevilacqua (*Application for Admission Forthcoming*)
Ashley C. Repp (*Application for Admission Forthcoming*)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Email:  bevilacqua.theresa@dorsey.com
        repp.ashley@dorsey.com

*Attorneys for Defendant AAA Service Plumbing LLC*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Stacy Starr
Dorsey & Whitney LLP